SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| GLEN YOUNGBLOOD, an individual;<br><br>                Plaintiff,<br><br>    v.<br><br>BELLEVUE COLLEGE.<br><br>                Defendant. | Case No.<br><br>COMPLAINT FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT; VILATION OF THE REHABILITATION ACT OF 1973, WASHINGTON LAW AGAINST DISCRIMINATION |

## 1.0   PARTIES

1.1   Plaintiff Glen Youngblood is a resident of King County and was a student at Bellevue College located in King County.

1.2   Defendant Bellevue College is a public college in the state of Washington and is located in King County, Washington.

1.3   All acts complained of took place in King County, Washington.

## 2.0   JURISDICTION AND VENUE

2.1   This Court has jurisdiction over Defendant because Defendant is a public college located in King County Washington.

PAGE 1 – COMPLAINT

2.2     The venue is proper as the campus Plaintiff attended is located in Bellevue, Washington which is located in King County Washington.

### 3.0     FACTUAL BACKGROUND

3.1     Mr. Youngblood is legally blind. Mr. Youngblood began as a student at Bellevue College in September 2016 and has remained a student through the present time. Bellevue College did not have any indications of classroom names or numbers that Mr. Youngblood could perceive, therefore he was unable to discern if he was in the correct class. On or about September 2016 to March 2018, Bellevue College offered Mr. Youngblood a reasonable accommodation of escorting him to classes so that he was assured that he was in the correct classroom. One day in March 2018, when Mr. Youngblood showed up for class, an administrator named Lisa Cochran, the manager of the North Campus of Bellevue College, informed Mr. Youngblood that Bellevue College would no longer continue escorting him to class.

3.2     Mr. Youngblood pursued other accommodations with Bellevue College's Raymona Baldwin, who is the Assistive Technology Specialist, including a possibility of installing a temporary guidepost outside of his classrooms each quarter to allow him to discern his classroom from another. The guidepost or a similar alternative would be a temporary indicator that he could touch and feel in order to be assured he was in the correct classroom. Mr. Youngblood also asked Bellevue College for a raised sign or placard on the door so that he could discern the room which Bellevue College did not provide. Bellevue College responded that they "would place an ID on the door" but there was no indication as to whether Mr. Youngblood could ascertain what the ID said or that he could discern it from any other door feature. Bellevue College did not tell Mr. Youngblood what the ID was or would do despite Mr. Youngblood's request. Mr. Youngblood had made other requests for accommodations related to perceiving the

PAGE 2 – COMPLAINT

information being taught to him in the Fall of 2018. He requested the use of audio described videos since he was unable to see videos and writings. Bellevue College has not provided such accommodation and Mr. Youngblood is unable to view or know what documents are being passed out in class.

3.3     Bellevue College refused to accommodate and provide a temporary guidepost. They further failed to provide information to adequately indicate whether any other accommodations would assist Mr. Youngblood in locating his classroom or to be able to otherwise receive the information being taught visually.

3.4     Mr. Youngblood filed an action with the EEOC and Bellevue College on information and belief received notice of that filing. The EEOC action was dismissed partially because the action did not make clear that Mr. Youngblood had asked for accommodations other than being guided to class by Bellevue College personnel.

3.5     The Americans with Disabilities Act ("ADA") was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination based upon disability." The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

3.6     Bellevue College is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant.) Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification

PAGE 3 – COMPLAINT

standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs, or other opportunities…"

3.7   Further, "…census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally…" *Id.*

3.8   Finally, "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals…"*Id.*

3.9   Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

3.10   Mr. Youngblood is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law against Discrimination.

3.11   The failure of Bellevue College to accommodate Mr. Youngblood with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment. Bellevue College is not accommodating to blind persons in Mr. Youngblood's shoes who require other indications of classrooms so that he can tell where he is supposed to attend class.

### 4.0   CAUSES OF ACTION

*As a first cause of action against Defendant Bellevue College, Plaintiff alleges as follows:*

(Discrimination; Violation of Americans with Disabilities Act)

PAGE 4 – COMPLAINT

4.1 Plaintiff restates and incorporates by reference paragraphs 1.1 through 3.11.

4.2 Mr. Youngblood is a qualified individual under Title III of the ADA.

4.3 Bellevue College is a public institution for education and as such is a place of accommodation and is required to comply with the ADA.

4.4 Bellevue College has discriminated against Mr. Youngblood on the basis of his disabilities.

4.5 Bellevue College's discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges advantages and/or accommodations to individuals with disabilities.

d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who are blind;

e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

f. Removing an accommodation upon which Mr. Youngblood relied without offering a reasonable substitute as an accommodation.

4.6 As such, Bellevue College discriminates and, in the absence of the relief requested in this complaint, will likely continue in the future to discriminate against Mr. Youngblood or others on the basis of disability. Mr. Youngblood and others will continue to be harmed without relief.

*As a second cause of action against Defendant Bellevue College, Plaintiff alleges as follows:*

(Violation of Section 504 of the Rehabilitation Act of 1973)

4.7   Plaintiff restates and incorporates by reference paragraphs 1.1 through 4.6.

4.8   Section 504 of the Rehabilitation Act of 1973, commonly called "Section 504," is a federal law that protects students from discrimination based on disability. Under Section 504, students with disabilities can access the accommodations, aids, and services they need to access and benefit from education. Upon information and belief, Bellevue College is subject to Section 504 of the Rehabilitation Act of 1973 due to its receipt of at least some federal funding.

4.9   Mr. Youngblood's disability of being blind, was under a Section 504 plan upon his admission to Bellevue College. Bellevue College did not reasonably accommodate Mr. Youngblood's blindness and limitations and as such, Bellevue College discriminates and, in the absence of the relief requested in this complaint, will likely continue in the future to discriminate against Mr. Youngblood or others on the basis of disability. Mr. Youngblood and others will continue to be harmed without relief.

*As a third cause of action against Defendant Bellevue College, Plaintiff alleges as follows:*

(Violation of Washington's Law Against Discrimination)

4.10   Plaintiff restates and incorporates by reference paragraphs 1.1 through 4.9.

4.11   The Washington Law Against Discrimination includes discrimination against persons based upon any sensory, mental, or physical disability. Blindness is both a sensory and physical disability.

4.12   Bellevue College did discriminate against Mr. Youngblood based upon his disabilities. Mr. Youngblood has suffered harm from the discrimination and if Bellevue College is not held accountable, they will likely continue to discriminate against others.

PAGE 6 – COMPLAINT

**5.0     PRAYER FOR RELIEF**

5.1 WHEREFORE, plaintiff prays as follows:

(a) For a judgment against Bellevue College for Plaintiff in an amount to be proven at trial for damages in excess of the mandatory arbitration amount.

(b) For a judgment against Bellevue College statutory for damages allowed by statute.

(c) For a judgment against Bellevue College for disgorgement of educational costs paid to Bellevue College or as a result of Mr. Youngblood attending Bellevue College.

(d) For a declaratory judgment to enjoin Bellevue College from discriminating against persons with disability particularly blindness and affirmatively requiring reasonable accommodations such that persons who are blind and have other sensory disabilities can find their classrooms.

(e) For attorney's fees and costs related to this matter under statute.

(f) For all other relief the Court deems just and equitable.

DATED this 12th day of March, 2020.

JONES LAW GROUP, P.L.L.C.

*/s/Marianne K. Jones*
MARIANNE K. JONES, WSBA #21034
Attorney for Plaintiff

PAGE 7 – COMPLAINT